# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS GARCIA AYALA,<br><br>          Plaintiff,<br><br>v.<br><br>T. ARMSTEAD, et al.,<br><br>          Defendants. | Case No.: 23-CV-497-RBM-SBC<br><br>**ORDER ON EX PARTE APPLICATION TO EXCUSE APPEARANCE OF S. ARCINIEGA AT EARLY NEUTRAL EVALUATION CONFERENCE** |

  Before the Court is Defendants' Ex Parte Application to Excuse Appearance of S. Arciniega at Early Neutral Evaluation Conference ("Ex Parte Application" or "Application"). (Doc. No. 16.) Defendants move the Court *ex parte* for an order excusing Defendant S. Arciniega ("Defendant Arciniega") from appearing at the December 6, 2023, Video Early Neutral Evaluation Conference ("ENE") in this matter. Plaintiff did not file a response to Defendants' Application or otherwise request additional time to respond to Defendants' Application at or prior to 5:00 p.m. on today's date pursuant to this Court's Civil Chambers Rule VIII. For such reason, the Court construes Plaintiff's silence on the matter as non-opposition to Defendants' Application.

  Rule 16.1(c) of this District's Civil Local Rules requires parties and party representatives vested with full settlement authority to participate in a settlement conference before the Court. See S.D. Cal. Civ. L. R. 16.1(c). "Full settlement authority"

means parties and party representatives must be authorized to fully explore settlement options and agree to settlement terms at the time of the settlement conference. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989) (emphasis added). Party representatives must have "unfettered discretion and authority" to change the settlement position of the party they represent. *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. July 8, 2003) (noting that full settlement authority permits the party representative to adjust their view of the case while engaging in a face-to-face settlement conference). A limited or a sum certain of authority is not adequate; party representatives must be able to negotiate a settlement without being restricted by any predetermined level of authority. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

Here, Defendants explain Defendant Arciniega "has pre-paid travel for a trip that will take him out of state and will require his time from December 2, 2023 through December 9, 2023. It would be a hardship for S. Arciniega to take time to attend the settlement conference for several hours while he is out of state." (Doc. No. 16, 2:1-4.) Defendants add Defendant Arciniega's three co-defendants remain available to attend the Video ENE and, further, that defense counsel "will have authority to enter into settlement agreements on behalf of Defendants." (*Id.*, 2:4-8.) Given Defendants' representation that Defendants R. Johnson, A. Rivera, and T. Armstead will appear for the Video ENE and that defense counsel has full settlement authority, the Court GRANTS Defendants' Ex Parte Application and excuses Defendant Arciniega from appearing at the December 6, 2023, Video ENE.

**IT IS SO ORDERED.**

Dated: November 8, 2023

Hon. Steve B. Chu
United States Magistrate Judge